**JIANG QUIJIN, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

**No. 06–3166–ag.**

United States Court of Appeals, Second Circuit.

May 21, 2007.

Michael Brown, New York, NY, for Petitioner.

Gregory G. Lockhart, United States Attorney, Pamela M. Stanek, Assistant United States Attorney, Dayton, OH, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RALPH K. WINTER and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Jiang Quijin, a citizen of China, petitions for review of the June 14, 2006 order of the BIA affirming the March 11, 2005 decision of immigration judge ("IJ") George T. Chew denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jiang Quijin*, No. A95–557–037 (B.I.A. June 14, 2006), *aff'g* No. A95–557–037 (Immig. Ct. N.Y. City March 11, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). As a preliminary matter, we reject Quijin's claim that he was denied due process because it is well settled that the BIA may summarily adopt and affirm an IJ's decision when it "agree[s] with the reasoning and result of that decision." *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (B.I.A. 1994); *see Chen v. BIA*, 435 F.3d 141, 144 (2d Cir.2006).

Quijin concedes that he is ineligible for asylum because he failed to file a timely application for relief. *See* 8 U.S.C. § 1158(a)(2)(B) (requiring that alien file asylum application within one year after date of arrival in United States). Nevertheless, Quijin contends that he is eligible for withholding of removal and CAT relief as a result of the forcible abortion of his wife's pregnancy by Chinese authorities. We review the agency's factual findings,

including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). In addition, the Court generally will not disturb adverse credibility determinations that are based on "specific examples in the record of inconsistent statements ... about matters material to [an applicant's] claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters." *Zhou Yun Zhang,* 386 F.3d at 74 (internal quotation marks omitted). Nevertheless, an adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales,* 331 F.3d at 307.

In this case, substantial evidence supports the IJ's finding that Quijin failed credibly to demonstrate that he was actually married. Specifically, Quijin could not remember the birth date of his alleged wife, and he stated that he had no contact with her after he left China. Further, the IJ noted that, even though Quijin testified that 90 to 100 people attended his wedding, and photographs were taken, there was no corroborating evidence indicating that a traditional marriage had taken place. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 336–38 (2d Cir.2006) (finding that the IJ did not err in finding petitioner's largely uncorroborated, noncredible testimony as insufficient to establish withholding of removal). Given this testimony, and the absence of any evidence in the record to compel a contrary conclu-

sion, the IJ's adverse credibility determination is supported by substantial evidence. *See Siewe v. Gonzales,* 480 F.3d 160, 168–69 (2d Cir.2007) ("The speculation that inheres in inference is not 'bald' if the inference is made available to the the the light of common sense and ordinary experience. So long as an inferential leap is tethered to the evidentiary record, we will accord deference to the finding."); *Zhou Yun Zhang,* 386 F.3d at 73 & n. 7.

Because the only evidence that Quijin was likely to be tortured depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on the claim for CAT relief. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).